

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2005

# Cavicchia v. Phila Housing Auth

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4606

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Cavicchia v. Phila Housing Auth" (2005). *2005 Decisions*. Paper 963.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/963

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4606

———

ANTHONY CAVICCHIA

Appellant

v.

PHILADELPHIA HOUSING AUTHORITY

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-00116)
District Judge: Honorable Berle M. Schiller

———

Submitted under Third Circuit LAR 34.1(a)
on November 15, 2004

Before: ROTH, SMITH, and WEIS, Circuit Judges.

(Filed:  June 27, 2005)

———

OPINION

———

**ROTH**, Circuit Judge:

In this wrongful employment termination case brought under 42 U.S.C. § 1981 and

the Pennsylvania Whistleblower Statute, 43 Pa. Stat. Ann. § 1423 et seq., Appellant Anthony Cavicchia appeals from the District Court's grant of summary judgment in favor of Appellees Philadelphia Housing Authority ("PHA") and several of its individual employees. The detailed procedural and factual history of this case is presented in the District Court's opinion, Cavicchia v. Philadelphia Housing Auth., No. 03-0116, 2003 U.S. Dist. LEXIS 20311 (E.D. Pa., November 7, 2003). In this appeal, Cavicchia argues that the District Court erred in striking, without an evidentiary hearing, Exhibit 7, an allegedly incriminating memorandum that was not produced in discovery by either party. Further, Cavicchia argues that the District Court's grant of summary judgment on his First Amendment and Whistleblower Act claims was in error because the District Court incorrectly found that Cavicchia failed to show affirmative evidence of retaliation.

Appellees argue that we should not consider Cavicchia's arguments because Cavicchia's brief does not conform with the Federal and Local Rules of Appellate Procedure. Specifically, Appellees argue that Cavicchia raises arguments in his brief before this Court that were not raised before the District Court and, thus, cannot be considered here. For the purposes of this case, we are not persuaded by Appellees' argument. While Cavicchia's brief is not the picture of clarity, it does conform to the basic form prescribed in the relevant appellate rules. Further, the arguments Appellees construe as new arguments address authenticity, an issue Cavicchia raised in the District Court.

2

**I.      Motion to Strike**

The first item to address is Cavicchia's claim that the District Court improperly granted Appellees' motion to strike Exhibit 7, an allegedly incriminating memorandum, pursuant to Federal Rule of Civil Procedure 37(c)(1) without an evidentiary hearing.  We review the District Court's decision to exclude evidence for an abuse of discretion. Hurley v. Atlantic City Police Dep't., 174 F.3d 95, 110 (3d Cir. 1999).  Abuse of discretion arises in evidentiary decisions when the district court has made a clearly erroneous finding of fact, errant conclusion of law, or improper application of law to fact. Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000).  In this case, the District Court did not abuse its discretion in excluding Exhibit 7 because the document was never authenticated or produced.  The District Court concluded that the circumstances surrounding the document were highly suspect, specifically that Cavicchia's only evidence of its authenticity was that the contents of the memorandum were similar to the contents of a previously produced document by a different author to different recipients. Cavicchia v. Philadelphia Hous. Auth., No. 03-0116, 2003 U.S. Dist. LEXIS 20311, at *21 (E.D. Pa., November 7, 2003).  Thus, the District Court did not abuse its discretion in striking Exhibit 7 without an evidentiary hearing.

**II.      Summary Judgment**

Cavicchia also appeals the District Court's grant of summary judgment against his First Amendment and Whistleblower Act claims, on the basis that there was no

circumstantial evidence to support these claims. This Court has plenary review over the District Court's grant of summary judgment. Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000).

The District Court found that Appellees were entitled to summary judgment on Cavicchia's First Amendment retaliation claim because Cavicchia could not demonstrate a pretext or an inference of retaliation. The District Court found that the stated reason for terminating Cavicchia's employment was that he was absent without leave for five work days after a recent history of absenteeism. Cavicchia did not dispute that he was absent, but argued to the District Court and argues here that this reason was pretextual because Cavicchia should have been subjected to more progressive discipline under PHA's discretionary policy. The District Court found that, although a plaintiff can survive summary judgment by discrediting an employer's proffered reason as pretextual, Cavicchia did not make such a showing in this case, as it is clear from the record that he was terminated for absenteeism. The record supports the District Court's conclusion that Cavicchia has not shown that his termination for absenteeism was pretextual.

The District Court also dismissed Cavicchia's claim for municipal liability against PHA, concluding that Cavicchia failed to show an underlying constitutional violation by the individual Defendants, as discussed above, and failed to present any evidence regarding a policy or practice at PHA. The District Court specifically noted that none of the evidence presented indicated that there was a specific policy or practice at PHA to

4

terminate or otherwise adversely act toward employees who were whistleblowers. The District Court's conclusions regarding this claim are wholly supported by the record, which indicates no evidence of a policy or practice, or of a constitutional violation, in the depositions of Cavicchia or fellow employees of PHA or other record evidence.

The District Court also granted summary judgment against Cavicchia's claim under Pennsylvania's Whistleblower Statute, 43 Pa. Stat. Ann. § 1423(a), noting that the standard was more stringent than the one for a First Amendment retaliation claim. Again, the record supports the District Court's conclusion, as there is no evidence supporting a causal connection between Cavicchia's report of wrongdoing and his termination for absenteeism.

As the record supports the District Court's conclusion that Cavicchia had not sustained his burden at summary judgment and because the District Court's evidentiary decision was not in error, the District Court's decision is affirmed.